UNITED STATES DISTRTICT COURT
MIDDLE DISTRICT OF FLORIDA

ALEXIS CLARK,

    Plaintiff,

vs.                                                                                              CASE NO.:

COLLIER COUNTY SHERIFF KEVIN
RAMBOSK,
And
MICHAEL PASZTOR, individually and
in his official capacity as a Deputy for
Collier County Sheriff,

    Defendants.
_____/

## COMPLAINT

Plaintiff ALEXIS CLARK files this Complaint and sues Defendant COLLIER COUNTY SHERIFF KEVIN RAMBOSK and Defendant Collier County Sheriff Deputy MICHAEL PASZTOR, and alleges as follows:

1. This is an action for money damages on behalf of Plaintiff ALEXIS CLARK whose constitutional rights were violated when he was falsely arrested.

2. This action for damages is brought pursuant to 42 U.S.C. Sect. 1983 and 1988, the First and Fourth Amendments to the United States Constitution, and the laws of the State of Florida, against the Defendant COLLIER COUNTY SHERIFF KEVIN RAMBOSK and against Defendant MICHAEL PASZTOR individually and in his official capacity as Deputy for the Collier County Sheriff.

1

## JURISDICTION AND VENUE

3. This action arises under the Constitution and laws of the United States, particularly the First and Fourth Amendments to the United States Constitution.

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331 and 1343 and on the supplemental jurisdiction of this court to entertain claims arising under state law pursuant to 28 U.S.C. Section 1367.

5. Venue is proper in this district because the events complained of occurred in Naples, Florida.

6. All conditions precedent to the maintenance of this action have been performed or have occurred prior to its institution including those set forth in Florida Statutes Chapter 768.

## PARTIES

7. Plaintiff ALEXIS CLARK (hereinafter "Alexis Clark" or "Plaintiff") was at all times relevant to this complaint a citizen of the United States and a resident of Naples, Florida.

8. At all times relevant, Defendant, COLLIER COUNTY SHERIFF KEVIN RAMBOSK (hereinafter "Sheriff" or "Defendant Collier County Sheriff") was the chief law enforcement officer of the largest law enforcement agency in Collier County. At all times material hereto Defendant Sheriff employed Defendant MICHAEL PASZTOR ("Defendant PASZTOR") as a deputy.

9. Defendant PASZTOR was at all times relevant to this complaint duly appointed and acting as deputy sheriff for the Defendant COLLIER COUNTY SHERIFF.

10. At all material times, Defendant PASZTOR was acting under color of state law and color of his authority as a law enforcement officer. At all material times, Defendant

2

PASZTOR was engaged in conduct that was the proximate cause of the violations of the Plaintiff's federally protected rights, as more particularized herein.

## STATEMENT OF FACTS

11. On September 2, 2022, at approximately 3:15 P.M., Plaintiff was returning home from work in his vehicle when Defendant PASZTOR followed Plaintiff's vehicle through the security gates of Plaintiff's community, pulsed his police cruiser's siren and initiated a traffic stop in front of 11488 Sumter Grove Way, Naples, Florida, Plaintiff's residence.

12. Defendant PASZTOR exited his patrol cruiser and approached Plaintiff's vehicle. The driver side window of Plaintiff's vehicle was ½ way down. The engine was running, and music was being played.

13. Plaintiff turned off the engine and music.

14. Plaintiff opened the door of his vehicle to exit. Defendant PASZTOR pushed the door and prevented Plaintiff from exiting his vehicle.

15. Plaintiff advised Defendant PASZTOR that he was going to exit his vehicle. Contrary to what Defendant PASZTOR wrote in his Arrest Affidavit, that "The driver began to contest the reasoning of the stop. Due to the driver's demeanor, he was asked to exit the vehicle to discuss the stop," Defendant PASZTOR told Plaintiff "No you are not." In response, Plaintiff asked if it is illegal to get out of his vehicle. Defendant PASZTOR answered "Would you like to get out?" Plaintiff responded yes that he would like to exit, and was permitted to exit his vehicle. Plaintiff did not contest the reason for the stop.

16. Upon Plaintiff exiting his vehicle, Defendant PASZTOR instructed Plaintiff to stand by

3

the front of his police cruiser, and cited case law, <u>Pennsylvania</u> v. <u>Mimms</u>. Plaintiff complied with the command.

17. Defendant PASZTOR then advised Plaintiff that he would go over everything with him, apologized for coming off as crass, and stated that the reason he stopped Plaintiff was because of an illegal, modified, exhaust, and for 'opening it up on 41.'

18. Defendant PASZTOR advised Plaintiff that he likes Genesis (Plaintiff was driving a Genesis), that he is a car guy, and that he drives a tuned twin turbo … Fusion.

19. Defendant PASZTOR asked Plaintiff if he knew how much a ticket for the modified exhaust cost, and if he knew how much for a second offense.

20. Defendant PASZTOR asked Plaintiff what he could do with $1,000.00.

21. Plaintiff responded that was not a question for an answer, and asked Defendant PASZTOR "what is the real issue?" Plaintiff stated to Defendant PASZTOR that "if you think it is that serious to give me a ticket, just go ahead and do it."

22. Plaintiff then said that he is just trying to go home from work, that he'd been having a great day, despite the bad moment, and that he did not see Defendant PASZTOR until he got to the gate to his community.

23. Defendant PASZTOR then asked Plaintiff for his Driver License and Registration, and told Plaintiff that if he continues to elevate his voice that he would detain him.

24. Plaintiff retrieved his wallet, held it in his hand and asked Defendant PASZTOR if it was illegal to raise his voice.

25. Defendant PASZTOR then forcibly, and without authority, grabbed Plaintiff by the wrist.

26. Plaintiff asked Defendant PASZTOR not to touch him, that he was getting his license out.

27. Defendant PASZTOR then told Plaintiff to turn around and face the car. Plaintiff complied. Defendant PASZTOR told Plaintiff that he had to obey Defendant PASZTOR'S commands. Plaintiff complied.

28. Defendant PASZTOR then handcuffed Plaintiff, placed him in the back seat of Defendant PASZTOR's patrol car, and drove Plaintiff to Naples Jail. There, Plaintiff was booked, humiliated, and placed in a jail cell.

29. The reason Defendant PASZTOR arrested Plaintiff was retaliation for the way Plaintiff verbally responded to him.

30. Plaintiff was falsely booked for obstruction and resistance arrest in violation of F.S.S. 320.04(2),

31. At no time did Plaintiff commit a violation of any criminal law.

32. Plaintiff's responses to Defendant PASZTOR's questions and the manner in which he expressed them were protected by Plaintiff's First Amendment rights.

33. Subsequently, Defendant had to hire an attorney to defend against the criminal charges unlawfully brought against him.

34. On March 3, 2023, the State Attorney dismissed the charges against Plaintiff.

CAUSES OF ACTION

COUNT 1

STATE FALSE ARREST/SEIZURE – DEFENDANT SHERIFF RAMBOSK

For his cause of action against Defendant SHERIFF KEVIN RAMBOSK in Count 1, Plaintiff states:

35. The Plaintiff realleges and adopts, as if fully set forth in Count 1, the allegations of

5

paragraphs 1 through 34.

36. Defendant PASZTOR proximately caused the arrest and seizure of Plaintiff in the absence of probably cause that Plaintiff committed any criminal offense.

37. The actions of Defendant PASZTOR, in causing the arrest and seizure of Plaintiff in the absence of probably cause, were taken in the absence of lawful authority.

38. The actions of Defendant PASZTOR in causing the arrest and seizure constitute false arrest and false imprisonment of Plaintiff under Florida law.

39. The false arrest and false imprisonment of Plaintiff was committed by Defendant PASZTOR in the course and scope of his employment as a deputy for Defendant Collier County SHERIFF KEVIN RAMBOSK.

40. As a direct and proximate result, Plaintiff suffered bodily injury and resulting pain and suffering, loss of his freedom, loss of income, costs of bond and attorney fees, suffered grievously, endured emotional distress in the form of humiliation, degradation, and mental suffering. The losses and damages are either permanent or continuing in nature a and Plaintiff will suffer the losses and damages in the future.

WHEREFORE, Plaintiff prays:

a. Judgment for compensatory damages against Defendant SHERIFF KEVIN RAMBOSK in excess of $15,000.00 dollars;

b. Cost of suit;

c. Trial by jury as to issues so triable; and

d. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 2

<u>STATE BATTERY CLAIM BY PLAINTIFF AGAINST DEFENDANT SHERIFF RAMBOSK</u>

For his cause of action against Defendant PASZTOR in Count 2, Plaintiff states:

41. Plaintiff realleges and adopts, as if fully set forth in Count 2, the allegations of paragraphs 1 through 34.

42. Defendant PASZTOR used physical force in the course of falsely arresting Plaintiff, including grabbing Plaintiff by his wrists, hands and arms, handcuffing him, forcing him into the back of a patrol car, all in public view, and then taking him to the Collier County jail where he was forced to endure full body search and detention.

43. At all times Defendant PASZTOR was acting under the authority of the State of Florida and under color of law as a deputy sheriff of the Defendant Collier County SHERIFF KEVIN RAMBOSK and in such capacity, as agents, servants, and employees of the Defendant Sheriff.

44. That course of conduct by the Defendants was harmful or offensive and occurred without Plaintiff's consent.

45. A battery is defined as an unlawful touching or striking or the use of force against the person of another with the intention of bringing about a harmful or offensive contact of apprehension thereof.

46. The Plaintiff's arrest was false and unlawful. The battery occurred with force causing the Plaintiff bodily injury.

47. As a direct and proximate result, Plaintiff suffered bodily injury and resulting pain and suffering, loss of his freedom, loss of income, costs of bond and attorney fees, suffered

grievously, endured emotional distress in the form of, humiliation, degradation, mental suffering and suffered damaged reputation. The losses and damages are either permanent or continuing in nature and Plaintiff will suffer the losses and damages in the future.

WHEREFORE, PLAINTIFF prays:

a. Judgement for compensatory damages against Defendant SHERIFF KEVIN RAMBOSK for compensatory damages in excess of $15,000.00 dollars;

b. Cost of suit;

c. Trial by jury as to all issues so triable; and

d. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 3

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – DEFENDANT PASZTOR

For his cause of action against Defendant PASZTOR in Count 3, Plaintiff states:

48. Plaintiff realleges and adopts, as if fully set forth in Count 3, the allegations of paragraphs 1 through 34.

49. The conduct of Defendant PASZTOR was done intentionally. The intentional actions of Defendant PASZTOR involved physical force used in the course of falsely arresting Plaintiff, included grabbing him by the wrists, hands, and arms, handcuffing him, forcing him into the back of a patrol car, all in public view, then driving him to the Collier County jail where he was forced to endure a full body search and placed in a cell with other arrestees, all of which constituted extreme and outrageous conduct.

50. Defendant PASZTOR through his extreme, outrageous and unlawful conduct, intentionally and recklessly caused Plaintiff severe emotional distress, depression and

8

other physical and mental health injuries.

51. As a direct and proximate result of the actions of Defendant PASZTOR, Plaintiff suffered bodily injury and resulting pain and suffering, loss of his freedom, loss of income, costs of bond and attorney fees, suffered grievously, endured emotional distress in the form of humiliation, degradation, mental suffering and suffered damaged reputation. The losses and damages are either permanent or continuing in nature and Plaintiff will suffer the losses and damages in the future.

WHEREFORE, the Plaintiff prays:

a. Judgment against Defendant PASZTOR for compensatory damages in excess of $15,000.00 dollars;

b. Costs of suit;

c. Trial by jury as to all issues so triable;

d. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 4

### SECTION 1983 FALSE ARREST – DEFENDANT PASZTOR

For his cause of action against Defendant PASZTOR in Court 4, Plaintiff states:

52. Plaintiff realleges and adopts as if fully set forth in Count 4 the allegations of paragraphs 1 through 34.

53. Defendant PASZTOR subjected Plaintiff to the deprivation of the rights and privileges secured to him by the Constitution of the United States including the constitutional right not to be deprived of liberty and to be free from unlawful arrest under the Fourth Amendment within the meaning of 42 U.S.C. § 1983.

9

54. The false arrest and physical force exerted on the Plaintiff by the Defendant MICHAEL PASZTOR was motivated by a personal anger and retaliation directed against the Plaintiff for his words to Defendant PASZTOR.

55. The actions of Defendant PASZTOR deprived the Plaintiff of his Fourth Amendment rights under the United States Constitution.

56. With regard to the violations of the constitutional rights of Plaintiff as alleged in the count, the actions of Defendant PASZTOR were done with malicious intent, ill will, spite, intent to injure, evil motive, wickedness, formed design to injure or oppress Plaintiff and were done with a reckless or callous indifference to the federally protected rights of Plaintiff.

57. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. §1983, Plaintiff suffered bodily injury and resulting pain and suffering, loss of his freedom, loss of income, costs of bond and attorney fees, suffered grievously, endured emotional distress in the form of, humiliation, degradation, mental suffering and suffered damaged reputation. The losses and damages are either permanent or continuing in nature and Plaintiff will suffer the losses and damages in the future.

WHEREFORE, Plaintiff prays:

a. Judgment for compensatory damages against Defendant PASZTOR in excess of $15,000.00 dollars;

b. Cost of suit;

c. Punitive damages;

d. Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

  e. Trial by jury as to issues so triable; and

  f. Such other relief as this Honorable Court may deem just and appropriate.

COUNT 5

SECTION 1983 FIRST AMENDMENT RETALIATION – DEFENDANT PASZTOR

For his cause of action against Defendant PASZTOR in Count 5, Plaintiff states:

58. Plaintiff realleges and adopts as is fully set forth in Count 5, the allegations of paragraphs 1 through 34.

59. The false arrest of Plaintiff by Defendant PASZTOR, as alleged in Counts 1 and 5 was a result of and motivated by a retaliation against the Plaintiff for his words to Defendant PASZTOR.

60. The infliction of mental distress of Plaintiff by Defendant PASZTOR as alleged in Count 3, which is fully incorporated herein, was a result of and motivated by retaliation against the Plaintiff for his words to Defendant PASZTOR.

61. The conduct of Defendant PASZTOR towards Plaintiff constitutes unlawful retaliation in violation of Plaintiff's clearly established rights under the First and Fourteenth Amendments and 42 U.S.C. § 1983 and would likely deter a person of ordinary firmness from the exercise of First Amendment rights.

62. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff has suffered bodily injury and resulting pain and suffering, loss of his freedom, loss of income, costs of bond and attorney fees, suffered grievously, endured emotional distress in the form of humiliation, degradation, mental suffering and suffered damaged reputation. The losses and damages are either permanent or continuing in nature

11

and Plaintiff will suffer the losses and damages in the future.

WHEREFORE, Plaintiff prays:

a. Judgment for compensatory damages against Defendant PASZTOR in excess of $15,000.00 dollars;

b. Cost of suite;

c. Punitive damages;

d. Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

e. Trial by jury as to issues so triable; and

f. Such other relief as this Honorable Court may deem just and appropriate.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand trial by jury on all issues triable by same.

Dated July 30th, 2024.

MANGONE & MILLER LAW OFFICES
2335 Stanford Court
Suite 502
Naples, Florida 34112
Tel: (239) 774-4100
gregmangone@gmail.com

_____
GREGORY MANGONE
Fla. Bar No: 842060